IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Difankh Asar,  )
 )  C.A. No. 6:19-1549-HMH-KFM
　　　　Petitioner,  )
 )  **OPINION & ORDER**
　　vs.  )
 )
Warden Antonelli,  )
 )
　　　　Respondent.  )

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Difankh Asar ("Asar"), a pro se federal prisoner, seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. In his Report and Recommendation filed June 3, 2019, Magistrate Judge McDonald recommends dismissing Asar's petition without prejudice and without requiring the Respondent to file a return.

Asar filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

1984).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Asar's objections are non-specific, unrelated to the dispositive portions of the Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection.  Asar objects to the magistrate judge's conclusion that he cannot satisfy the second prong of the 28 U.S.C. § 2255(e) savings clause test set forth in United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018), because the cases on which he relies, Johnson v. United States, 135 S. Ct. 2551 (2015), and Welch v. United States, 136 S. Ct. 1257 (2016), were decided before he filed his first § 2255 motion.  (Objs. 1-2, ECF No. 10.)

A federal prisoner may challenge the legality of his sentence under § 2241 if the prisoner can demonstrate that § 2255 is inadequate or ineffective to test the legality of the sentence.  See In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (citing 28 U.S.C. § 2255); Wheeler, 886 F.3d at 428.  To demonstrate that § 2255 is inadequate or ineffective to test the legality of the sentence, the petitioner must establish that

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id. at 429.  If the petitioner cannot satisfy each prong of the savings clause test, the court lacks subject matter jurisdiction to consider the petition.  Id. at 423.

On July 26, 2010, Asar pled guilty to one count of unlawful transport of firearms in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). United States v. Asar, Cr. No. 7:10-429-BHH-1 (D.S.C.).[2] On December 9, 2010, Asar was sentenced to 180 months' imprisonment. Id. (J., ECF No. 56). Asar's sentence was enhanced pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on seven prior convictions. Id. (PSR). Asar appealed his sentence, and the United States Court of Appeals for the Fourth Circuit affirmed the sentence. United States v. Asar, No. 10-5263, 2012 WL 1593034, at *2 (4th Cir. May 8, 2012) (unpublished).

Asar has filed three motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On June 14, 2012, Asar filed his first § 2255 motion and raised claims regarding his status as an armed career criminal, ineffective assistance of counsel, and the rule of lenity. Asar, Cr. No. 7-10-cr-00429-BHH (First § 2255 Mot., ECF No. 83). His motion was denied on October 10, 2012. Id. (Oct. 10, 2012 Order, ECF No. 107). Asar appealed, and the Fourth Circuit dismissed his appeal on April 1, 2013. United States v. Asar, No. 12-7925, 2013 WL 1287403, at *1 (4th Cir. Apr. 1, 2013) (unpublished).

After receiving permission from the Fourth Circuit to file a second or successive § 2255 motion, Asar filed his second § 2255 motion on May 6, 2016, and challenged his ACCA sentencing enhancement based on Johnson and Welch. Asar, Cr. No. 7:10-cr-00429-BHH (Second § 2255 Mot., ECF No. 133). On July 19, 2017, Asar's second § 2255 motion was

---

[2] This court may take judicial notice of the prior case. Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

denied because three of his prior convictions, two South Carolina convictions for pointing and presenting a firearm and one conviction for armed robbery, still qualified as valid predicates to enhance his sentence under the ACCA. Id. (July 19, 2017 Order, ECF No. 153). Asar appealed, and his appeal was dismissed on November 28, 2017. United States v. Asar, 704 F. App'x 280, 281 (4th Cir. Nov. 28, 2017) (unpublished). On March 28, 2019, Asar filed his third § 2255 motion, which remains pending. Asar, Cr. No. 7:10-cr-00429-BHH (Third § 2255 Mot., ECF No. 187).

In this case, Asar alleges that his sentence was unconstitutionally enhanced because his two state convictions for pointing and presenting a firearm no longer qualify as valid predicate offenses in light of Johnson. (§ 2241 Pet., generally, ECF No. 1.) However, to satisfy Wheeler's savings clause test, the change in substantive law that undermines a sentence must occur after the petitioner's direct appeal and first § 2255 motion. 886 F.3d at 429. Asar did not object to the magistrate judge's conclusion that Asar's second § 2255 motion should be treated as his first for purposes of the Wheeler analysis because Asar's first and second § 2255 petitions were both addressed on the merits. Asar's second § 2255 motion was filed May 6, 2016. Asar, Cr. No. 7:10-cr-00429-BHH (Second § 2255 Mot., ECF No. 133). Johnson was decided on June 26, 2015, and was held to apply retroactively on collateral review by Welch on April 18, 2016. Johnson, 135 S. Ct. at 2551; Welch, 136 S. Ct. at 1257. Therefore, the change in substantive law that Asar alleges invalidates his sentence did not occur subsequent to his direct appeal and first § 2255 motion.[3] See Wheeler, 886 F.3d at 429. Because Asar has failed

---

[3] Moreover, in 2016, the Fourth Circuit granted Asar leave to file his second § 2255 motion in light of Johnson and Welch. Thus, Asar presented the same argument in his second § 2255 motion as he presents in the instant petition. The court addressed the arguments

4

to allege a change in substantive law that occurred after his direct appeal and first § 2255 motion, he cannot satisfy the second prong of the Wheeler test. Thus, this objection is without merit.

Based on the foregoing, the court finds that Asar cannot challenge his sentence under § 2241 because § 2255 is not inadequate or ineffective to test the legality of his sentence. Accordingly, the court adopts Magistrate Judge McDonald's Report and Recommendation and incorporates it herein.

Therefore, it is

**ORDERED** that Asar's petition, docket number 1, is dismissed without prejudice and without requiring the Respondent to file an answer or return.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
July 1, 2019

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure

---

presented in his second § 2255 motion on the merits and found that Asar's convictions for pointing and presenting a firearm qualified as valid predicates under the ACCA's force clause pursuant to United States v. King, 673 F.3d 274 (4th Cir. 2012).